Curia, per Richardson, J.
The libellous letters directed to Miss Goode, were evidently intended to create foul imaginations associated with her intended husband. They were well calculated to render her uneasy in his presence, and fearful of his immorality ; and finally to deform her opinions of him, and in this way to poison the sources of youthful love, which consist in feeling more than reasoning.
The letters were, perhaps, too gross for lasting effect, and could scarcely have injured mere friendship, or impaired the tribute of established inward esteem; but as lev-elled at the hopes and fortunes of a suitor for marriage, *571 they are black with personal malice towards him, and probably withdrew from his hopes, if I may borrow a figure applied by Dr. Franklin to a bride, “ the unsullied sheet” upon which he was to write his name, • and take as the best assurance of his portion of this world’s happiness.
This was the precise gravamen of the plaintiff’s declaration, to wit: that the libellous letters caused the loss to the plaintiff of, his marriage with Miss Goode.
It is plain, that if the letters were written by the defendant, which is a question of fact that the court does not discuss, then, if they induced Miss Goode to break off her contract to intermarry with Mr. Walker, this would be a specific, and the surest, ground for additional damages. The gravamen would be proved, and the plaintiff’s case, as to the facts, might be considered as concluded by the verdict.
Two principal facts were to be proved for the plaintiff; first, the writing of the letters by the defendant, and secondly, the breaking off the marriage as a consequence. The second fact depends upon the declarations of Miss Goode, and therefore, a question of strict law is made by the first gronnd of the defendant’s appeal, and applies to the second material fact of the plaintiff’s case, which I have called the gravamen ; to wit: did the court err in permitting the declarations of Miss Goode to be received as competent evidence of the fact, that the libellous letters caused her to break off her engagement to marry the plaintiff 7
This is the only question that need be decided, and it is a plain one.
As soon as it appeared that the witness, Wooldridge, had obtained his evidence, that the marriage was broken off, <&c., from the declarations of Miss Goode, it became what is called hearsay, and was incompetent.
No man can testify in court from the information of other persons, however worthy of credit. (See the article ‘ Hearsay,’ in any treatise on Evidence.)
Witnesses must be all alike subject to the ordeal of a cross examination in open court.
This is the general rule, and the objection presented to the court is within it. For the court does not perceive *572 that the declarations of Miss Goode belong to the class of what is called res gestee, or circumstances incidental to, and inseparable from, the principal or main fact of the evidence, to indicate or enforce its true character. A common illustration of the res gestae is that of the cry of the mob in Lord George Gordon’s case, as shewing the character of the principal act of treason, (21 How. St. Tr. 542,) by the action and behaviotir of those that accompanied him in the act. Res gestae are the accompaniments. But the declarations of Miss Goode are of the principal fact, that such was the cause of the marriage being broken off, and not the mere incident or accompaniment of that fact.
Each of the two principal facts might have its res gestae. But these facts were, in themselves, distinct in time, place, and character; and the one could not be 'made the res gesta of the other.
But the rule of hearsay excludes the hearsay of the-res gestae, as well as the principal facts. For instance ; a man strikes another, speaking, at the same time, scurrilous charges. The language is the res gesta of the battery. But A. could not testify from the information of B., in what words the scurrilous language consisted. And the same rule of hearsay would exclude Miss Goode’s declarations or explanations of motives or purpose.
It was all hearsay evidence — and that is enough to exclude her mere declarations, because her own oath to their truth would have been better.
Upon the legal right of the defendant, therefore, to be tried only by competent evidence, a new trial is ordered.
O’Neall, EvaNS, Waedlaw and Frost, JJ. concurred.